FRANCES M. DOYLE v. RICHARD F. DOYLE.

160 N. W. (2d) 28.

June 14, 1968—No. 40,826.

*Richard F. Doyle,* pro se, and *Seth R. Phillips,* for appellant.

*Allan R. Markert* and *James F. Lynch,* for respondent.

PER CURIAM:

This is an appeal from an order of the Ramsey County District Court denying defendant's motion to amend a divorce decree by transferring custody of the children from the mother to the father. This case is related to State v. Doyle, 280 Minn. 563, 159 N. W. (2d) 773, in which we affirmed a judgment of conviction against defendant for nonsupport.

In addition to the facts stated in our prior decision, it may be noted that since the parties were divorced in 1958, defendant-husband has been married and divorced twice and plaintiff-wife has been married and divorced once. The children (Michael, 13; Joan, 12; and Peggy, 10 at the time of the hearing) live with the mother. It is clear from the record that she has been promiscuous in her relations with a number of men, and this conduct has been carried on openly in the home before the eyes of the children. Perhaps the most that can be said in her behalf is that she cares for the children, conducts a neat and well-kept home, and looks after their physical needs. The report provided to the court by a certified psychologist recites that the older two children have "superior intellectual capacity." All are healthy and do well in school. The psychologist was of the view that "there was no evidence of any stigmata of any psychiatric disorder" resulting from the deplorable environment in which they live. In addition to the father's circumstances related in our previous decision, it may be noted that he has not worked since December 1965, has no income and no home to offer the children.

It has often been said that in determining the issue of custody the court's primary concern is the welfare of the minor child. In this case, the trial court was faced with a difficult decision in choosing one of two bad alternatives. It is obvious that neither spouse can offer a favorable home environment. Faced with this difficult task, the trial court found:

"THE COURT FINDS, that the present situation as to the custody of the children is not entirely satisfactory, and the Court is not satisfied that the present decree can remain in effect indefinitely, but, upon the evidence produced, the Court is satisfied that the situation at present is such that the best interests of the children require that they remain in the custody of the mother under the supervision of the Probation Officer of this Court, and that the defendant be given the opportunity of renewing his motion here-

after if he is able to present to the Court facts which might justify the Court in making a change in the decree.

"The evidence does not indicate that the defendant is now any better qualified to care for these children, and probably not as well as the plaintiff is. Defendant is unemployed and has no place of his own to take the children, and has no means apparently at present of supporting them.

"It Is THEREFORE ORDERED, that the motion of the defendant to amend the decree is denied, without prejudice to renewing said motion after a reasonable length of time, if facts can be shown which are different then than those now before the Court.

"It Is FURTHER ORDERED, that this matter be referred to the Probation Officer for supervision."

It is difficult for us to say that, under the circumstances, there was an abuse of discretion in permitting the mother to retain custody of the children. A condition of the court's order is that the mother retain custody under the supervision of the probation officer of the Ramsey County District Court. The order also holds out to the father the prospect that if his circumstances improve he may at some time in the future seek a revision of the court's order under the provisions of Minn. St. 518.18. No costs or disbursements allowed to any party.

Affirmed.