## STATE v. RICHARD F. DOYLE.

159 N. W. (2d) 773.

June 14, 1968—No. 40,923.

*Richard F. Doyle,* pro se, for appellant.

*Douglas M. Head,* Attorney General, *Joseph P. Summers,* Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was charged with nonsupport under Minn. St. 609.375, waived a jury trial, and was found guilty by the municipal court of the city of St. Paul. He was sentenced to a term of 60 days, 30 days of which were suspended upon his compliance with certain conditions. The appeal is from the conviction. He has proceeded without counsel, both in the trial court and in this court.

Defendant was married in 1951 and divorced in 1958, at which time he had three children then 1, 3, and 4 years of age. He apparently supported his children until March 1966, at which time his wife was required to secure aid to dependent children.

Defendant testified that he was unable to support his children because he was obliged to quit his job in December 1965 for reasons which were beyond his control. At that time he was employed as a control-tower operator at Wold Chamberlain Airport and was earning $10,130 a year. It was the thrust of his defense that his wife's misconduct imposed on him such mental and emotional distress he was unable to continue his work without jeopardizing aviation safety. He testified that his profession was one which subjected him to extraordinary mental strain and although he attempted to secure other employment, he was unsuccessful.

The state, on the other hand, offered testimony that defendant had stated to a welfare worker he had quit his job because of pressures in his personal life, he couldn't be expected to support his family until he secured work,

and he had no intention of seeking employment. In support of the state's claim that the failure to support was willful, a written statement made by defendant in connection with a collateral custody matter was introduced in which defendant stated, among other things:

"Whereas said custody decision; typical of the sexually prejudiced abberations of justice common, almost requisite, under the inherently evil and pecuniary adversary system of divorce; constitutes a gross miscarriage of justice: and

"Whereas despondency over the, still persisting, deplorable situation and the near impossibility of rectifying it, as exemplified by said denial and the history of similar court actions, coupled with ever increasing ill-used support payments and the uncompromising demands of his profession (Air traffic control) caused defendant to terminate his employment in utter disgust: therefore * * *."

At the trial in these proceedings, defendant complained of his wife's immorality to which his children were exposed. It was clear from his testimony that he was bitter at being denied custody. The court was justified in finding that defendant's unemployment and nonsupport were prompted more by animosity toward his wife than by his concern for aviation safety. There were no complaints from his employer, and he sought no medical or psychiatric help. Under all these circumstances, we hold the evidence supports the conviction.

Defendant also asserts that the court did not have jurisdiction over him because he was arrested outside of the city limits of St. Paul under a warrant which was not signed by a magistrate, and that the court erred in rulings with respect to the admissibility of evidence. We have considered all of these claims and find them to be without merit.

Affirmed.